[No. 8567. Department Two. — November 20, 1885.]

PATRICK BURKE, APPELLANT, *v.* F. LEVY ET AL., RESPONDENTS.

PLEADING — COMPLAINT — CAUSE OF ACTION — RECOVERY BY PLAINTIFF. — A plaintiff cannot recover upon a cause of action developed by the proofs but not stated in the complaint.

APPEAL from a judgment of the Superior Court of San Mateo County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*A. A. Pardow, A. D. Splivalo,* and *Talcott & Crockett,* for Appellant.

*Fox & Ross,* for Respondents.

MYRICK, J. — The cause of action as stated in the complaint is, in substance, as follows: —

Defendants commenced an action against plaintiff, and had property attached; the plaintiff sold and delivered the property to defendants in payment of the debt, and defendants agreed to dismiss that suit; instead, however, of dismissing the suit, the defendants, contriving to oppress, cheat, and defraud plaintiff, procured a judgment to be entered in the action against him, and had his property seized and sold under execution; and this action was brought to recover the value of the property so seized, and damages under section 3294, Civil Code. On the issues raised by the answer, the cause was tried, and the court found that the property attached was not transferred in payment, but as security, and that it was subsequently destroyed by fire, leaving the debt unpaid without security, and that the subsequent judgment, seizure, and sale were regular and proper; and judgment was thereupon rendered in favor of defendants.

The evidence given as to whether the transfer was a sale or as security was conflicting; therefore, we do not disturb the findings.

In this court, for the first time the plaintiff raises the point that the judgment in the former suit was void by reason of defective service of the summons. That position is inconsistent with the case presented in his complaint. The complaint states the fact of the judgment (not averring it to be void), and counts on abuse of the process of the court. If the judgment had been deemed void by plaintiff, quite another form of action would have been brought.

"The plaintiff must recover, if at all, upon the cause of action as set out in his complaint, and not upon some other which may be developed by the proofs." (*Mondran* v. *Goux*, 51 Cal. 151.)

Judgment and order affirmed.

Thornton, J., and Morrison, C. J., concurred.