Rutland,
January,
1826.

## THOMAS HOOKER *vs.* SHELDON P. HICOCK.

*In trespass* quare clausum fregit, *which is a local action, if the declaration gives the boundaries of the* locus in quo, *or otherwise describes it with certainty, it must be proved as laid; and the plaintiff can recover only on proof of a trespass where he lays it.*

*And it would seem, that where the plaintiff, by his description, bounds the* locus in quo *on the line of a town, he must, by his proof, bring the trespass within the* true line *of such town, notwithstanding he may have a good possessory title to a part of the close, without such true line, and which would have been well embraced within the description of the* locus in quo, *if the true line had been where he contended that it was.*

THIS was a motion for a new trial, founded on exceptions taken at the trial of the issue before this Court, at the February term, 1825.

The case, as allowed by the judge who certified the exceptions, was as follows:

Trespass, for breaking and entering the plaintiff's close, in *Fairhaven*, described as follows, "being forty acres off the north end of a certain lot of land containing sixty-three acres, bounded according to the original survey, and described as follows: beginning on the west line of Poultney, 24 rods north of *John Martin's* northwest corner, thence west 10 degrees, north 80 rods; thence south 10 degrees, west 126 rods; thence east 10 degrees, south 80 rods; thence to the bound begun at. Said sixty-three acres was laid to the original right of *Joseph Everett;* the said close of the plaintiff, part and parcel of the said sixty three acres, now bounded south on land owned by *Smith*, west on *Keeler Hicock*, north on *Alfred Hosford*, and east on the west line of said *Poultney*."

Plea, the general issue.

On the trial, the plaintiff, to show title in himself, offered evidence to prove, that he and those under whom he claimed, had been in the actual possession of the land in question, as described in the declaration, claiming title to the same as lying in *Fairhaven*, for more than fifteen years next before the act of trespass complained of.

To which evidence the defendant objected, and insisted, that by running the true line between *Fairhaven* and *Poultney*, the land in question was in *Poultney* and not in *Fairhaven*. And the defendant further insisted, that the plaintiff could not be permitted to show a trespass committed on the land described in his declaration, if that part of the land on which the trespass was alleged to have been committed, *should be proved* to lie in Poultney.

The Court decided, and so instructed the jury, that if the plaintiff proved that he had possessed the land described in his declaration, for more than fifteen years before the commencement of the suit, and before the act of trespass complained of, improving the same as his own, and claiming it as such, and as lying in the town of *Fairhaven*, and the trespass complained of was committed on such lot, although that part thereof upon which the trespass was proved to have been committed was in

Rutland,
January,
1826.

Hooker
vs.
Hicock.

fact beyond the jurisdictional line of *Fairhaven*, and in the town of *Poultney*, the enclosure, for that period of time, having included the same, the plaintiff would be entitled to recover.

To show the character of the plaintiff's possession, the defendant offered the deposition of *Harvey Gibson*, accompanied with testimony, that at the time the facts stated in said deposition, as to making and repairing the fence, took place, *William Gibson* (the father of the witness and former owner of the land) was insane, and so continued till his death, and his sons acted as his agents; which deposition was rejected by the court.

The defendant excepted to the foregoing opinions of the court, and the exceptions were allowed, &c.

The cause was argued upon the above motion, and also upon a petition for a new trial, founded on the discovery of new testimony. But as no opinion of the court was expressed on the petition, it is omitted.

PRENTISS, J. delivered the opinion of the Court.

In trespass *quare clausum fregit*, which is a local action, if the declaration gives the boundaries of the *locus in quo*, or otherwise describes it with certainty, it must be proved as laid ; and the plaintiff can recover only on proof of a trespass where he lays it. (*Brown* vs. *Hedges*, 1 *Salk.* 290.—*Helvis* vs. *Lamb*, 2 *Salk.* 453.—*Bull. N. P.* 89.—*Drewry* vs. *Twiss*, 4 *T. R.* 558.) In this case, the declaration alleges the trespass to have been committed at *Fairhaven*, in a certain close of the plaintiff, lying and being in *Fairhaven*, beginning in the *west* line of *Poultney*, &c. giving the boundaries, and making the *west* line of Poultney the *east* boundary of the close. The plaintiff, therefore, was bound to prove, and could recover only for a trespass committed in the *locus in quo* thus described. But the court allowed the plaintiff to prove, and instructed the jury that he might recover for a trespass on land in *Poultney*, if he had possessed the land on which the trespass was committed fifteen years before the trespass, and claimed it as lying in *Fairhaven*, and as part of the close described in his declaration. The claim and possession of the plaintiff for fifteen years might give him a good title to the land in *Poultney*, so possessed by him, and if the declaration had alleged the trespass on land described as being thus situate, he might have had a right to recover. The case does not state that any uncertainty existed, or that any question was made at the trial, respecting the divisional line between the two towns, though probably such was the fact. If in truth there was any uncertainty as to the line, and it was doubtful in which of the towns the land on which the trespass was committed lay, the plaintiff might have obviated any objection of a variance, and avoided all difficulty in this respect, by inserting another count in his declaration, laying the *locus in quo* in *Poultney*. But not having done this, and the trespass being alleged to have been committed in *Fairhaven*, and the close described as there situate, the plaintiff was bound by the description so given; and unless

Rutland,
January,
. 1826.

Hooker
vs.
Hicock.

he proved a trespass committed in the close thus described as being in *Fairhaven*, and bounded *east* by the *west* line of *Poult-ney*, he was not entitled to recover.

We also think, that the deposition of *Harvey Gibson* was im-properly excluded.\* It does not appear from the case, but was admitted in the argument, that the parties own adjoining lots, one situate in *Fairhaven*, and the other in *Poultney*; and that each claims the land on which the supposed trespass was com-mitted to be a part of his lot. But the plaintiff, it appears, re-lied upon a title acquired under the statute of limitations, and gave evidence, as the case states, that he and those under whom he claimed, had been in the actual possession of the land, claim-ing title more than fifteen years before the commission of the trespass. The deposition was offered by the defendant, for the purpose of showing that such possession was not adverse, and that he was entitled to hold, notwithstanding, according to the true line of the lots. The deposition stated in substance, that the lot belonging to the plaintiff was formerly owned by the fa-ther of the witness, and was purchased by the plaintiff from the administrator of the father's estate; that before the sale to the plaintiff, and while the father of the witness was in possession, the witness assisted in making a division fence between the owners of the two lots; that the fence was principally a brush and pole fence, and was placed where it was most convenient, without regard to the line; and that afterwards, it was agreed by the respective owners, that the fence was east of the line, but should stand until it wanted repairing, or rebuilding. This testimony went to show, that the fence so made was not erected or continued to mark the boundaries between the owners of the two lots, or the limits of their respective titles, but was for mere convenience, and each intended to hold, notwithstanding the fence, according to the true line. In *Burwell* vs. *Burwell*, 11 *Mass.* 294, it was determined, that where parties have agreed upon a fence variant from the line, avowedly for convenience, and still have continued to claim according to the true line, nei-ther party acquires a title, or even a right of possession, against the other, on account of the fence. The possession acquired by the erection and continuance of the fence, therefore, would not, on the testimony offered, be adverse; and as the plaintiff relied

---

\*Note.—The case, as allowed, was imperfect, and essentially so as to this point. The plaintiff, in making out his case on trial, first relied on his title by deed; and before any other title to the *locus in quo* was set up by him, the de-fendant offered the deposition of *Harvey Gibson*, which was rejected for irrele-vancy. *Afterwards*, when in the further progress of the trial, it had become questionable whether the west line of *Poultney* was the east line of the *locus in quo*, as claimed and possessed by the plaintiff, he resorted to a *title by posses-sion* under the statute. The Court thereupon perceived, and instructed the counsel for the defendant, that the deposition of *Harvey Gibson* had become relevant to the issue, as tending to show, that the possession relied on by the plaintiff was not adverse, and was material and proper evidence to go to the jury.                                                        Reporter.

*Rutland,*
*January,*
*1826.*

upon the possession of his grantor thus acquired, the testimony was clearly admissible.

New trial granted.

~~~~
·Hooker
*vs.*
Hicock.

*Almon Warner, Wm. Page* and *S. S. Phelps,* for the plaintiff.

*Chauncey Langdon* and *Chs. K. Williams,* for the defendant.