# LEANDER C. CARPENTER v. ALMENA P. COOK.

### October Term, 1894.

*Plea to action of trespass. Pent road not a highway within statute as to fences.*

1. A plea to an action for trespass by cattle which alleges that the animals escaped into the plaintiff's close through a gate in the division fence between the plaintiff and defendant, which was sufficient to stop cattle, and which the plaintiff had for many years maintained for that purpose, but which upon the occasion in question he had torn down, and through which the cattle had thereby escaped into the plaintiff's close, is good, although it does not show that the plaintiff was under any legal obligation to maintain the gate.

2. The statutory provision that the owners of lands bordering upon highways need not fence the same along such highway does not apply to pent roads.

Trespass *quare clausum.* Heard at the June term, 1894, Orange county, Ross, C. J., presiding, upon demurrer to the defendant's rejoinder. Adjudged that the plaintiff's replication is insufficient. The plaintiff excepts. Exceptions passed to supreme court before final judgment.

*John W. Watson* for the plaintiff.

At common law the owner of cattle must restrain them from running at large. *Hurd* v. *Rut. & Bur. Rd. Co.*, 25 Vt. 109, 122; *Holladay* v. *Marsh*, 3 Wend. 142; *The Tonawando Rd. Co.* v. *Munger*, 5 Denio 255; *Keenan et ux.* v. *Cavanaugh*, 44 Vt. 268.

Neither was the owner bound to fence against a highway. *Holden* v. *Shattuck*, 34 Vt. 336, 343 ; *Hurd* v. *Rut & Bur. Rd. Co.*, 25 Vt. 109 ; *Woolson* v. *Northern Rd. Co.*, 19 N. H. 267, 269.

A pent road is a highway. R. S. 124, ss. 3, 5 ; Gen. S., chap. 24, s. 15 ; R. L., s. 2914 ; *Wolcott* v. *Whitcomb*, 40 Vt. 40.

The plea does not set up a prescriptive obligation on the defendant to maintain the gate. Co. Litt., 304 ; Gould's Pl., chap. 8, ss. 65–72, 78 ; 7 Bac. Abr., 651 ; *Stearns* v. *Patterson*, 14 Johns. 132.

*Smith & Sloane* for the defendant.

A division fence along a pent road must be maintained. The statute as to highways does not embrace pent roads. *Wolcott* v. *Whitcomb*, 40 Vt. 40.

ROWELL, J. This is an action of trespass to land with cattle. The question arises on demurrer to the rejoinder to the replication to the third plea. Said plea alleges that the defendant had a close adjoining the plaintiff's close in which, etc., and that for more than fifteen years before the commencement of this suit a fence had been maintained between said closes, and that for a like space of time a gateway and a gate had been maintained for the plaintiff's convenience through said fence to his dooryard, which said gate had all that time been built, maintained, and kept in repair by the plaintiff and the other owners and occupants of his said close, and that said gate, being a good and sufficient gate to stop cattle, was left open, torn down, and carried away by the plaintiff, whereby and by means whereof the cattle in the declaration mentioned, at the said several times when, etc., then lawfully feeding and depasturing in the defendant's said close, without the knowledge and against the will of the defendant, erred and escaped thereout into the plain-

tiff's said close through the defects and insufficiency of said gate so left open and destroyed by the negligence of the plaintiff, and committed, if at all, the trespasses complained of.

The replication alleges that before and at the said several times when, etc., there was a public highway between said closes, and that the plaintiff's dooryard was contiguous thereto; that said gateway was in said fence between said dooryard and said highway and on the side of said highway, and led from said dooryard into said highway; that before and at the said several times when, etc., in said plea mentioned, no gate had been there maintained nor kept in repair nor closed, and that along and upon the side of said highway contiguous to the defendant's close, the defendant did not at the said several times when, etc., keep, maintain, nor have a fence sufficient to stop cattle that were feeding and depasturing therein from escaping therefrom into and upon said highway; and that at the said several times when, etc., said cattle did stray from the defendant's close into and upon said highway and thence into the plaintiff's close, and there committed the trespasses complained of.

The rejoinder alleges that if there is a public highway there as replied it is only a pent road, and wholly on the defendant's close, and if any part of it is contiguous to the plaintiff's close, it is necessary for the protection of the defendant's close and crops therein to have a suitable fence between the plaintiff's close and the defendant's close and said pent road, and if it is necessary that a gate should be maintained for the convenience of the plaintiff in getting from his dooryard to said road, it is equally necessary and reasonable that said gate should be kept closed for the protection of the defendant's close and crops therein; that for more than fifteen years before the commencement of this suit, said gate and fence had been so kept and maintained in a good and sufficient manner on the line between the plaintiff's close

and the defendant's close by the recognition and acquiescence of the owners of both closes, and of right ought to be maintained for the protection of the defendant's close and crops, and that at the said several times when, etc., it was the duty of the plaintiff to keep said gate closed, and if any trespass was committed as alleged, it was by reason of the plaintiff's neglect and refusal to keep said gate closed or to allow it to be maintained and by reason of his tearing down a sufficient gate that had been kept and maintained as aforesaid.

The causes of demurrer assigned are, that the rejoinder is argumentative, double, and hypothetical. It is also claimed that it departs from the plea, and that this objection can be taken advantage of under the general demurrer.

The plaintiff attacks the plea as bad in substance, for that it does not show a prescriptive nor other obligation on him to keep and maintain said gate. But if this is so, the fact that there was a gate there in the division fence that the plaintiff and those under whom he claims had kept and maintained for the purpose and in the manner alleged, which was sufficient to stop cattle, and which he tore down, and through which, by reason thereof, the cattle escaped into his close and did the damage complained of, makes the plea good, regardless of whether he was bound or not to maintain the gate, for thereby, in the circumstances disclosed in the plea, he became and was a wrongdoer, and the author of his injury, and therefore cannot be heard to complain.

The next question is whether the replication is good in substance. The public highway mentioned therein is not alleged to be an open highway, and as everything is to be taken most strongly against the pleader, it must be taken to be a pent highway, which fulfils the allegation. It is conceded that the replication is bad if pent roads do not stand like open highways in the law of fences.

The statute provides that owners or occupants of adjoining lands, when the lands of both parties are occupied, shall

make and maintain equal portions of the division fence between their respective lands; but that the owners of lands are not bound to make and maintain fences on the sides of highways; and that occupied land bordering upon highways shall be deemed the enclosure of the owner or occupant. R. L. 3178, 3179. It also provides that when the lands of two or more individuals are so situated that either is not compelled to make and maintain a fence on the dividing line between their lands by reason of highways lying between, each owner or keeper shall be liable for the damage done on the occupied lands of others by an animal straying from his lands and being taken on such occupied lands. R. L. 3183. Concerning pent roads it provides that the selectmen may allow them to be enclosed and occupied by the owner of the land during any part of the year, and bars and gates, in such places as they designate, to be erected thereon; and persons wilfully removing any such bars or gates, thereby exposing the lands or crops of any person to damage, are subjected to a penalty. R. L. 3004, 3005. In *Walcott* v. *Whitcomb*, 40 Vt. 40, it was held that in the absence of regulations by the selectmen upon the subject, the owner of the land has a right to erect bars and gates on a pent road for the protection of his field and crops if he does not thereby interfere with the reasonable use of the road as a pent road.

Although the statute uses the general term "highways," in providing that owners of lands are not bound to make and maintain fences on the sides of highways, and does not in terms distinguish between open public highways and pent roads, which are public, but not open, highways—yet, when all the provisions of the statute on the subject are construed together, as they must be, it is considered that the term "highways," as used, was not intended to include, and does not include, pent roads.

The statute that the selectmen may allow pent roads to be

inclosed and occupied by the owner of the land, and bars and gates to be erected thereon, we construe to embrace a case like this, where the road is wholly on the land of one but contiguous to the land of another; and that section and the one imposing a penalty for wilfully removing such bars and gates, thereby exposing the lands and crops of any person to damage, clearly indicate that the owner may occupy the road as a part of the field through which it runs, and that his occupancy of his field shall not be interfered with by the road any farther than is necessary for the reasonable use of it as a pent road; from which it logically follows that the rights and obligations between him and an adjoining owner in respect of division fences remain unaffected by the existence of the road.

This statute thus construed is inconsistent with the idea that the defendant was bound to restrain her cattle from going upon said road and thence into plaintiff's close the same as she would have been had said road been an open highway; and it qualifies and restricts the statute that owners of lands are not bound to make and maintain fences on the sides of highways, and renders it inapplicable to pent roads, and leaves applicable to this case the statute that owners and occupants of adjoining lands, when the lands of both parties are occupied, shall make and maintain equal portions of the division fence between their respective lands.

It is frequently necessary to qualify and restrict general words in a statute, in order to harmonize the provision with other provisions and give them force and effect. Another instance of this kind may be found, we apprehend, in the statute against nuisances and obstructions in highways, which provides that if a person incloses a part of a highway, or erects a fence upon a highway, he shall incur a penalty. Here the general term "highway" is used, the same as in the statute we have been considering, yet no one would claim, we presume, that the statute intends to make it

unlawful for the owner of the land through which a pent road runs, in the absence of regulations by the selectmen, to erect gates and bars thereon for the protection of his field and crops, as this court has decided he has a right to do.

We decide, therefore, that the replication is bad in substance, which renders it unnecessary to consider the other questions raised and discussed at the bar.

*Judgment affirmed and cause remanded.*