## W. G. PAYNE *v.* WATSON B. GOULD.

### May Term, 1900.

Present: ROWELL, TYLER, MUNSON, THOMPSON and WATSON, JJ.

Opinion filed June 3, 1902.

*Trespass—Enclosed lands—Imaginary boundary—Right to hunt wild game.*

In order that land shall be "enclosed" within the meaning of V. S. 4626, it must be surrounded by visible objects, natural or artificial, and an imaginary boundary is not enough.

It is not sufficient that the *locus in quo* and an adjoining parcel of land, taken together as one tract, are enclosed, since, in an action of trespass, the boundaries of the *locus* must be proved as laid.

A person entering upon unenclosed and uncultivated land for the purpose of hunting wild game, does not commit actionable trespass.

TRESPASS under V. S. 4626. Plea, the general issue. Trial by court at the September Term, 1899, Franklin County, *Start, J.,* presiding. Judgment for the plaintiff. The defendant excepted.

*D. G. Furman* and *Willard Farrington* for the defendant.

Judgment should have been for the defendant because the land was not cultivated or *enclosed.* The south boundary was an imaginary line only. "A field, with a fence on three sides only, could not, in any legal sense, be spoken of as enclosed, unless the fourth side was bounded by some natural object or occupied by some artificial erection which rendered a fence impracticable or unnecessary." 10 Am. & Eng. Ency. 351; 6 *Id.* 639; *Porter* v. *Aldrich,* 39 Vt. 639; *Taylor* v. *Welbsy,* 36 Wis. 44; 112 Pa. 42.

*Henry A. Burt* and *Wilson & Hall* for the plaintiff.

The land in question was enclosed within the meaning of the statute. It was included with the Furman land within a vis-

ible boundary. Sufficient facts appear in the findings to make a case under the statute, and therefore the judgment was correct. At any rate, a technical trespass was committed, and the plaintiff is entitled to nominal damages.

WATSON, J.    This action is trespass under Vermont Statutes, section 4626, which provides that if the owner or occupant of enclosed land or cultivated land not enclosed, conspicuously posts notices on the same, as provided by law, a person who wilfully enters thereupon without the permission of the owner or occupant, for the purpose of fishing, trapping, or shooting thereon, shall forfeit ten dollars, to be recovered by the owner thereof in an action of trespass, in addition to the damages sustained thereby.

The declaration is in two counts, but the exceptions state that the evidence was all received under the first count, thereby, in effect, stating that the second count was waived.    It is alleged in the first count that on the day named the defendant, with force and arms, wilfully entered upon the enclosed and cultivated land and premises owned and occupied by the plaintiff, situate in Swanton, and bounded westerly by Charcoal Creek, northerly by Lake Champlain, easterly by Missisquoi River, and southerly by land of D. G. Furman, without permission of the plaintiff, for the purpose of shooting thereon, and that the defendant did then and there shoot thereon, and so forth.

The facts found show that the boundary line between the *locus in quo* on the south and Furman's land extends from the creek to the river, and is 3,636½ feet long; that it is not marked by fence, nor by anything equivalent thereto. The boundary consists of an imaginary line only.

In the disposition of this case, it is not necessary to consider how the boundaries should be marked to make the land

enclosed within the meaning of the law in question. It is enough to say that the land must be surrounded by visible objects, natural or artificial,—except the premises be such that the owner is not required to fence them to make them enclosed, as is the case with occupied lands along the side of an open public highway: V. S. 3567; *Porter* v. *Aldrich,* 39 Vt. 326; *Carpenter* v. *Cook,* 67 Vt. 102, 30 Atl. 998,—and that an imaginary line only is not sufficient.

The *locus in quo,* therefore, was not enclosed land, and no claim is made in the briefs that it was "cultivated land." Nor does the case stand any differently in this regard from the fact that the plaintiff owns the exclusive right of shooting, trapping, and fishing on Furman's land adjoining the *locus in quo* on the south, and that both premises, taken together as one tract of land, are enclosed; for in actions of trespass *quare clousum fregit,* the boundaries of the *locus in quo* must be proved as laid in the declaration. *Hooker* v. *Hickok,* 2 Aik. 172.

It is urged, however, that, if the plaintiff's land is neither enclosed nor cultivated, he is entitled to recover nominal damages for the breaking and entering, as in the ordinary case of trespass on the freehold. Herein the case is unlike the ordinary case of trespass. By the organic law of the state the inhabitants thereof "shall have the liberty in seasonable times to hunt and fowl on the lands they hold, and on other lands not enclosed," under proper regulations made and provided by the General Assembly. Const. Ch. II, sect. 40,; *State* v. *Norton,* 45 Vt. 258.

The facts found show that the defendant entered upon the land in question for the purpose of shooting, and that, being so entered, he did there shoot. We interpret this finding to mean that the defendant entered upon the premises for the purpose of hunting and shooting wild game. The land not

being enclosed, the defendant was exercising the right guaranteed him by the Constitution, and did not commit actionable trespass in so doing.

Since this is decisive of the case, no other questions need be considered.

*Judgment reversed, and judgment for the defendant to recover his costs.*