IDA L. NOBLE ET AL. *v.* ELDON BIRD.

(68 A2d 793)

May Term, 1949.

Present: SHERBURNE, C. J., JEFFORDS, ADAMS and BLACKMER, JJ.

Opinion filed October 4, 1949.

*Bloomer & Bloomer* for the defendant.

*Philip M. M. Phelps* for the plaintiff.

ADAMS, J. This is an action of trespass brought under the provisions of P. L. 8540, now V. S. 8403, Rev. 1947, for the recovery of treble damages for cutting and removing timber from land of the plaintiffs. Trial was by court. Findings of fact were made and filed and judgment was rendered on the findings for treble damages. The case is here on exceptions of the defendant to certain findings.

The land in question is definitely described in the plaintiff's declaration as follows:

"A certain tract of land consisting of around fourteen acres of land and beginning at a stake and stones standing in the west line of the Standish and Watson

lot, so-called. Said corner, formerly known as a hemlock stub, since fallen to the ground, from thence running West ten degrees north in the line of J. J. Howard's land, fifty rods, or to a stone ledge corner, so-called; thence north ten degrees east forty-two rods to a pile of stones piled around a soft maple staddle near the foot of the ledge; thence east ten degrees south to a stake and stones standing in the west line of the Standish and Watson lot; and from thence south ten degrees west in the line of said Standish and Watson lot; and being the same premises deeded to Loren S. Noble by Daniel Crofoot by his deed dated May 31st, 1873".

This description sets forth certain definite monuments as corners.

The findings state that the Noble lot which the plaintiffs own is the southerly one-third of a tract 125 rods by 50 rods surveyed and laid out on November 26th, 1823; that the defendant owns what is known as the Munger lot which is the one-third of said tract that is situated next northerly of the Noble lot; that the Howard lot, so-called, adjoins the Noble lot on its south and east; that the defendant owns timber rights on the Howard lot.

Finding No. 8 states that the deed dated May 31, 1873, which is the one referred to in the plaintiffs' declaration, described the Noble lot by monuments at each corner of the lot. The finding does not set forth the description of these monuments. No finding sets forth the description and monuments in the survey of November 26, 1823, so it is impossible to ascertain from the findings if the monuments described in the deed of 1873 and the survey of 1823 are the same or if either or both are the same as those set forth in the plaintiffs' declaration.

Finding No. 9 reads as follows:

"The Noble lot has a stone monument at each corner of the lot. The monument at the southwest corner is laid up with stone and is an old monument. At the southeast corner is an old built up stone pile. At the northeast corner is a stone set upright and other stones around it. There is an old set-up stone pile at the northwest corner".

The defendant excepted to the finding on the ground that it is

contrary to the evidence and the law; that the description in the deeds to the property definitely describe the southeast and northeast corners otherwise; that the record establishes that the southeast corner was a hemlock tree or stump, or hemlock tree stub fallen, which corner is, can be and has been identified with certainty, and at the northeast corner is a stake and stones, which stake and stones has been definitely located on the ground and is the stake and stones set forth in the record title, both of which corners are at a point different than set forth in the finding.

An examination of the transcript discloses the following: The survey of 1823 (plaintiffs' exhibit 2) describes the southeast corner of what is now the Noble lot as "a hemlock tree standing on the west line of lands owned by Lemuel Standish & Timothy Watson"; that land is now the Howard lot; the deed of 1873 (plaintiffs' exhibit 8) describes the southeast corner of the Noble lot as "a stake and stones standing in the west line of the Standish & Watson lot, so-called, said corner formerly known as a hemlock stub since fallen to the ground"; it describes the northeast corner of the Noble lot as "a stake and stones standing in the west line of the Standish and Watson lot". The plaintiffs' declaration describes the northeast and southeast corners in the identical words that describe them in the deed of 1873. In fact the description of the land in the declaration is a copy of description in the deed of 1873.

■ The survey of 1823, the deed of 1873 and the declaration set forth certain definite monuments and boundaries and these are controlling, if ascertainable. *Vermont Marble Co.* v. *Eastman,* 91 Vt 425, 101 A 151; *Silsby & Co.* v. *Kinsley,* 89 Vt 263, 95 A 634; *Neill* v. *Ward,* 103 Vt 117, 153 A 219.

■■ The plaintiffs having alleged the boundaries of the *locus in quo* with certainty must prove it as laid. If the trespass was committed outside of these boundaries they cannot recover for it. *Hooker* v. *Hicock,* 2 Aik. 172; *Payne* v. *Gould,* 74 Vt 208, 52 A 421. If there was an uncertainty as to the location of the original corners as set forth in the record or others had been established by possession or acquiescence the difficulty could have been remedied in the declaration. *Hooker* v. *Hicock, supra.* The finding in question describes different monuments for the southeast and northeast corners than those set forth in the declaration and record. It was an essential fact for the plaintiffs to prove that they were the same or had taken the place of the same and been recognized as

such. We cannot supply this essential fact by inference. In fact, an examination of the record discloses that it could fairly be inferred that the monuments set forth in the finding at the southeast and northeast corners are about five rods easterly of the original corners and monuments described in the declaration and record. The exception to this finding must be sustained.

The defendant excepted to findings No. 10, 12 and 13. These findings had to do generally with the corners and monuments at such corners as found by the court in finding No. 9 having been pointed out by previous owners of the Noble and Howard lots. The grounds of the exceptions are, in substance, that the evidence upon which the findings are based was improper and that the findings are immaterial, irrelevant and incompetent. The evidence was not objected to when received so an exception to the findings based upon the evidence is without merit. *Waterman* v. *Moody & Rogers,* 92 Vt 218, 231, 103 A 325. As we have seen there is no finding that the corners or monuments so pointed out were the same or had taken the place of those set forth in the declaration and record and it cannot be supplied by inference. These findings are, therefore, outside of any issue in the case and are immaterial and may be disregarded. An exception to them is not for consideration. *Turner* v. *Bragg,* 113 Vt 393, 398, 35 A2d 356, and cases cited.

The defendant excepted to finding No. 16 which reads as follows:

> "We find that the owners of the Noble and Howard lots established the boundary lines between their respective lots by acquiescence for at least forty years prior to the spring of 1946; that they mutually recognized the boundary lines between their two lots as the plaintiffs claim them to be; that these lines have become the true boundary lines; and that the plaintiffs and their predecessors in title have been in continuous possession of the Noble lot as they claim it to be for more than forty years.

> "We find that the plaintiffs own the Noble lot; that the corners are at the monuments as the plaintiffs claim them to be; and that the lines and corners of the lot are as shown in ink on plaintiffs' exhibit 1".

This finding must be read in connection with findings No. 9, 10, 12 and 13. The first paragraph is based upon the last three of those findings and what we have said in discussing the exceptions to those pertains here and the finding may be disregarded as immaterial to any issue in the case. The second paragraph establishes the southeast and northeast corners as found in finding No. 9. For the reasons herein stated in discussing the exceptions to that finding, this exception must be sustained.

The defendant excepted to finding No. 17 which had to do with the amount of the damages and the awarding of treble damages. The case must be remanded so it is not necessary to discuss this exception. Upon a retrial the evidence as to the amount of the cutting and its manner may be different.

*Judgment reversed and cause remanded.*