### John R. Means and Marion Means v. James R. Osborne

[352 A.2d 697]

No. 52-75

Present: Smith, Daley, Larrow, and Billings, JJ. and Shangraw, C.J. (Ret.), Specially Assigned

Opinion Filed February 4, 1976

*Langrock and Sperry*, Middlebury, for Plaintiff.

*Pierson, Affolter & Amidon*, Burlington, for Defendant.

Smith, J. This is an appeal from the judgment and verdict of the Addison Superior Court in an automobile negligence case tried in January, 1975. The appeal here is primarily based upon the trial court's denial of plaintiff John Means' motion for a new trial.

The action was brought as a consequence of a collision of the cars driven by the plaintiff, John R. Means, and by the defendant, Reverend James R. Osborne, on March 5, 1971. The accident occurred on a road leading easterly from Vergennes, Vermont, toward Monkton, Vermont, and at the crest of a sharp hill banked with snow, where windblown snow temporarily obscured the vision of each driver and any road markings. The collision was head on, but off-center, involving the left front portion of each vehicle. Both plaintiffs claimed to have received physical injury as a result of the

collision, and damages were also sought for damage to the pick-up truck driven by John R. Means.

The case was submitted to the jury by means of interrogatories which called for a determination of the plaintiffs' damages, if any, and for a determination of the comparative negligence of the parties.

The jury found the negligence causing the accident to be 60% on the part of the defendant and 40% on the part of each of the two plaintiffs. They, therefore, reduced the damages awarded to John Means from $5,000 to $3,000 and those awarded to Mrs. Means from $100 to $60. No objections were made by any party to the court's instructions. After the verdict, the trial court increased the damages awarded to Mrs. Means to the original $100 on the ground that the negligence of the husband/driver should not have been imputed to the wife/passenger. Defendant consented to the additur for Mrs. Means.

The motion for a new trial on the part of the plaintiffs was based on three grounds: first, that the damages awarded each plaintiff were inadequate; second, that the jury misconstrued the court's instructions; and, third, that the evidence did not support a finding of 40% negligence against the plaintiff, John Means. We do not consider the ground that such finding of comparative negligence was also unsupported against the plaintiff, Marion Means—the lower court allowed her the full damages found by the jury, with consent of the defendant. We also do not consider the first ground, inadequate damages, because it was not raised here on appeal.

A search of the record before us discloses that there was sufficient evidence before the jury, the trier of facts, to find contributory negligence on the part of the plaintiff, John Means. Evidence as to the speed of plaintiff's vehicle, his control, or lack of it, and the physical fact that the contact between the two automobiles was at a point in the highway to plaintiff's left of center of the highway were all in the evidence considered by the jury.

Plaintiff here complains of the inadequacy of the instruction to the jury on the issues of standard of care and proximate cause. The short answer to this contention is that

the plaintiff took no exceptions to the charge given the jury below, and thus presented no opportunity for the trial court to consider and pass upon the questions now raised. V.R.C.P. 51(b); *Dindo* v. *Denton*, 130 Vt. 98, 109, 287 A.2d 546 (1972).

■ The plaintiffs' motion for a new trial was based on the ground that the verdict was against the weight of the evidence. "The motion thus laid appealed to the discretion of the trial court." *Dashnow* v. *Myers*, 121 Vt. 273, 279, 155 A.2d 859 (1959).

"In reviewing the trial court's disposition of a motion for a new trial, this Court is bound to accord to the ruling all possible presumptive support." *Weeks* v. *Burnor*, 132 Vt. 603, 609, 326 A.2d 138 (1974). "Bearing in mind that the trial court was in a better position to determine the question, the record [before us] fails to show that the court's discretion was exercised on grounds or reasons clearly untenable." *Id.;* *Dashnow* v. *Myers, supra,* 121 Vt. at 283.

The plaintiffs have failed to affirmatively show any abuse of discretion on the part of the trial court.

The trial court properly denied the plaintiff John Means' motion for a new trial.

*Judgment affirmed.*