**John J. O'Neil, et al. v. William C. Buchanan, Jr., et al.**

[388 A.2d 431]

No. 318–77

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed June 15, 1978

*John C. Candon* of *Black & Plante,* White River Junction, for Plaintiffs.

*Bourdon & Bourdon,* Woodstock, for Defendants.

**Hill, J.** Plaintiff-appellees brought suit against defendant-appellants, claiming that appellants had constructed a driveway and fence on appellees' land. Appellees sought damages and an injunction against further trespass. Appellants argued that the complained-of fence and driveway were in fact on their own property.

The parties are owners of contiguous parcels of land in the Town of Hartford. Appellants' northern boundary coincides with appellees' southern boundary. The outcome of this case depends on the location of the parties' common boundary. Appellants locate the boundary—by reference to their deed and a recent survey conducted for them by a licensed surveyor —just to the north of the fence and driveway. Appellees argue that the true line is approximately ten feet south of the line claimed by appellants. The line for which appellees contend is marked on the ground by a narrow grassed-over ridge approximately one and one-half feet high.

The trial court found that appellants had record title to the disputed ten foot wide strip of land, but that "[b]y long acquiescence by [appellees'] predecessors in title and [appellants'] predecessors in title, the division line between the two properties has been established [as the line marked by the ridge]." The court ordered appellants to remove the fence and driveway and restore appellees' property to its previous condition. Appellants allege several errors by the trial court. In all but one of their arguments, appellants cite either lack of evidence to support the findings or lack of findings to support the conclusion that the boundary line had been established by acquiescence.

■ The law of Vermont is that acquiescence for longer than fifteen years by neighboring property owners in the treatment of a particular line as the boundary between their parcels will conclusively establish that line as the boundary. *Amey* v. *Hall,* 123 Vt. 62, 66, 181 A.2d 69, 72 (1962); *Neill* v. *Ward,* 103 Vt. 117, 157, 153 A. 219, 237 (1930); *Clark* v.

*Tabor*, 28 Vt. 222, 227 (1856). See generally 6 Thompson, Real Property § 3036 (1962 replacement). A line thus established is conclusive upon successors in title. *Neill* v. *Ward, supra,* 103 Vt. at 157, 153 A. at 237.

The lower court based its conclusion that the acquiesced-in boundary was the true boundary on certain testimonial evidence. This evidence was found as fact in conjunction with the court's finding that "there was a long established acquiescence in [the ridge as] a division line." It indicated that from 1906 to at least 1940 predecessors in title to the parties involved in this suit treated the ridge as their common boundary. This is sufficient basis for the court's conclusion that the ridge was the true boundary.

Appellants also contend that the lower court erred in denying appellants' motion for a partial new trial under V.R.C.P. 59(a). The ground of that motion was that the theory of acquiescence was not sufficiently pleaded. Therefore, appellants argue, they did not receive adequate notice of plaintiffs' claim, as required by V.R.C.P. 8(a). A review of appellants' affidavit submitted in support of their motion discloses no new evidence that would affect the outcome of the case. A motion for a partial new trial is addressed to the discretion of the trial court. That court's ruling is not reversible unless it constitutes a manifest abuse of discretion. *Houghton* v. *Leinwohl*, 135 Vt. 380, 382, 376 A.2d 733, 736 (1977). No abuse of discretion appears. *Means* v. *Osborne*, 134 Vt. 164, 167, 352 A.2d 697 (1976).

*Affirmed.*