# Dennis and Mary Heath v. Gaylord and Marion Dudley

[530 A.2d 151]

No. 85-472

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.***

Opinion Filed June 5, 1987

---

* Justice Hayes sat at oral argument but did not participate in this decision.

*David A. Williams*, Morrisville, for Plaintiffs-Appellees.

*Deborah T. Bucknam*, Hardwick, for Defendants-Appellants.

**Allen, C.J.** Defendants appeal from a trial court decision locating a range line which divides their property in Eden from that of plaintiffs. We reverse.

The parties are owners of adjoining lots in a wooded area on the westerly shore of South Pond in Eden. Their common boundary is described in their deeds as the range line between ranges 7 and 8. There is no reference to any monuments in either of their deeds. The father of plaintiff Dennis Heath acquired lot 6 in range 7 in January, 1954. That lot consists of two portions of land, one on the west shore and one on the east shore of South Pond. The westerly portion of that lot was conveyed to the plaintiffs. The Dudleys own lot 6 in range 8, and their easterly line is also described as the line dividing range 7 and range 8.

The sole dispute in this appeal is the proper location of the range line between the lots. Defendants argue in favor of a straight range line commencing at a known point on the Hyde Park-Eden border running without deflection through South Pond to an old fence line and then to an undisputed monument at the Eden-Lowell border to the north. Plaintiffs argue for a line that deflects slightly to the west between Hyde Park and South

Pond, marked by blazes, a snowfence post, and an angle iron, even though such a line must necessarily "jog" as it crosses South Pond in order to line up with the known range line north of South Pond.

Defendants argue that no evidence was presented demonstrating that the physical monuments relied upon by surveyors for the plaintiffs were intended to indicate where the original range line lay and that no evidence of acquiescence exists. The defendants further argue that the plaintiffs conceded at trial that there was no evidence of the original range line and that their surveyor's theoretical line should therefore prevail. The trial court found that there was sufficient physical evidence to support the range line argued for by the plaintiffs and that the theoretical range line suggested by defendants made "theoretical sense," but did not "comport with the preponderance of the evidence on the ground."

When an appeal is based on a challenge to trial court findings, the evidence will be viewed in the light most favorable to the prevailing party, the plaintiffs in this case, excluding the effect of modifying evidence, and if any credible evidence fairly and reasonably tends to support the trial court's findings, they will stand. *Collins* v. *Boudreau*, 141 Vt. 129, 131, 446 A.2d 341, 342 (1982). Upon review of the record, we conclude that the evidence did not support the trial court's findings, and that its conclusions were therefore erroneous.

The snowfence post and angle iron found by plaintiffs' surveyors, and relied upon by them as evidence of the range line, was not demonstrated to reflect the range line. While the plaintiffs' surveyors indicated the correct location of the monuments, no evidence establishing that the monuments were intended to reflect the location of the range line was presented. One of the plaintiffs' surveyors, commenting on the accuracy of an old fence line as representing a boundary, cautioned against doing so unless "it's the right kind of fence line that was built with the *intention* of having it built on the line, set with posts and running at a consistent, proper magnetic bearing." (Emphasis added.)

Here, essentially all that plaintiffs' surveyors accomplished was to locate the existing conditions on the ground and to prepare scaled drawings of these conditions. This point is demonstrated by one of plaintiff's surveyors in response to the following inquiry made by the court:

The Court: So what we don't know here is whether what we see on the ground was originally laid out, do we?

The Witness: No, Your Honor.

Additionally, in his best judgment as a licensed land surveyor, this same surveyor qualified his response to whether he thought that the evidence found accurately reflected the range line by stating that he did not "examine the records or make any other measurements that may have supported this [conclusion]."

■ ■ This Court held in *J. H. Silsby & Co.* v. *Kinsley*, 89 Vt. 263, 270, 95 A. 634, 638 (1915), that "[a] range line will be presumed, in the absence of marks upon the ground, to be a straight line." Where the location of range lines cannot be ascertained on the ground, "its location is determined *prima facie* by extending the range line from a point where its actual location can be ascertained." *Id.* The evidence presented by plaintiffs did not establish the location of the original range line on the ground. The original range line can be located, in this case, by extending a straight line between two undisputed range line points. All parties agreed that the monuments at the boundary of the Town of Eden and the Town of Hyde Park on the south, and the fence line north of South Pond running to the monument at the boundary of the Town of Eden and the Town of Lowell on the north, mark the range line between ranges 7 and 8. These monuments, therefore, are controlling. See *Noble v. Bird*, 116 Vt. 17, 19, 68 A.2d 793, 795 (1949) (citing *J. H. Silsby & Co.* v. *Kinsley*, 89 Vt. 263, 95 A. 634; and *Neill* v. *Ward*, 103 Vt. 117, 153 A. 219 (1930)).

■ Finally, the plaintiffs claim that the evidence established the range line by acquiescence based both on "walking the line" with defendants and logging activities. Mutual recognition is necessary to establish a line by acquiescence, as well as knowledge of the boundaries. A party must know of facts enabling the party to take action if he chooses to. *Silsby*, 89 Vt. at 272, 95 A. at 639. To be effective, "the concurrence of the party against whom the recognized line operates must be clear and definite." *Amey* v. *Hall*, 123 Vt. 62, 68, 181 A.2d 69, 73 (1962).

The evidence in this case is not sufficient to establish acquiescence. The trial court found that Mr. Dudley and a predecessor in title of the plaintiffs "walked the lines in the area about fifteen years" before trial. The "walk" which allegedly established the line, however, occurred only twelve years before the lawsuit be-

gan. Acquiescence must exist longer than fifteen years. *O'Neil* v. *Buchanan*, 136 Vt. 331, 332, 388 A.2d 431, 433 (1978). The requisite time was not therefore attained.

As to plaintiffs' claim that the range line was established by acquiescence through logging practices, the trial court found that "years before [the walk] both [the plaintiffs' predecessor in title] and defendant logged to the line as claimed by the plaintiffs without dispute." The plaintiffs' predecessor further testified, however, that no discussion concerning the boundary line took place with the Dudleys in the 30 years he owned the property because "nobody cared." He also testified that although he logged to the line claimed by plaintiffs to reflect the original range line, the Dudleys never logged in lot 6 in the disputed area. Furthermore, testimony indicated that the defendants bulldozed a logging road across the property claimed by plaintiffs because "nobody cared in them days." Based on this testimony, and our review of the record, it was error for the trial court to find that clear and definite mutual recognition of the original line existed.

*Paragraph (1) of the trial court's order dated September 4, 1985 is reversed and the cause remanded for entry of judgment in accordance with the views herein expressed. Paragraph (2) of that order is vacated.*

150

TO TOWN OF
LOWELL

RANGE 8    RANGE 7

LOT 6        SOUTH    LOT 6
RANGE 8      POND     RANGE 7

Metal Snow
Fence Post

Angle Iron

N

E

W

S

EDEN

HYDE PARK

——— — — — —    Defendants' Boundary Claim

----- --- --- --    Plaintiffs' Boundary Claim