[No. 4829.]

# E. V. C. MONDRAN v. J. E. GOUX, ADMINISTRATOR OF THE ESTATE OF A. DE CHATEAUNEUF, DECEASED, ET AL.

JUDGMENT MUST FOLLOW COMPLAINT.—The plaintiff must recover, if at all, upon the cause of action as set out in his complaint, and not upon some other which may be developed by the proofs.

FINDINGS OF FACT MUST FOLLOW COMPLAINT. — A finding that the plaintiff and defendant are partners in land, and were equally interested in the purchase, does not sustain a complaint alleging that the plaintiff gave

51  151
99  619

51  151
104  183

51  151
106  417

51  151
114  519

51  151
121  253

51  151
127  321

51  151
136  431

the defendant a sum of money to be invested in land, and that he put an equal amount of his own money with it and purchased land in his · own name, and holds the legal title to an undivided half of it in trust for the plaintiff.

APPEAL from the District Court, First Judicial District, County of Santa Barbara.

The court gave judgment that the defendants held the legal title to an undivided one-half of the land in trust for the plaintiff, and that they convey the same to him. The defendants appealed.

The other facts are stated in the opinion.

*A. Packard and W. C. Stratton,* for the Appellants.

A tenancy in common is not a partnership, nor can there be a partnership in the mere purchase of land. There must be some agreement as to the profit and loss, or the sale or other disposition of the property. (3 Kent's Com. 25, 26.)

*C. E. Huse,* for the Respondent.

By the COURT:

The cause of action alleged in the complaint is that the plaintiff placed a sum of money in the hands of Chateauneuf in his lifetime, to be invested for account of the plaintiff in real estate, and that Chateauneuf added to it an equal amount of his own money, and invested the whole in the land in controversy, taking the deed in his own name. It was claimed that by reason of this transaction there was a resulting trust in favor of the plaintiff to the extent of an undivided half of the land, and the prayer is that the plaintiff be adjudged to be the owner of the undivided half, and for a partition. The answer denies all the material allegations of the complaint in these particulars, and the court finds that the plaintiff and Chateauneuf "were partners in the purchase," and "were equally interested therein as owners" of the land. The point in issue was not whether they were "partners in the purchase," nor whether they were equally interested in the land as owners, but whether the plaintiff's money had paid for one-half of it.

If they were merely partners in the purchase, and in that or some other method had become equally interested in the land as owners, the legal title being in Chateauneuf, and it not appearing that the plaintiff had advanced any part of the purchase-money, very different questions might arise from those presented by the complaint. In other words, the cause of action, if any, established by the findings, is wholly different from that averred in the complaint, and is foreign to any issue raised by the pleadings. The rule is well settled that a plaintiff must recover, if at all, upon the cause of action set out in his complaint, and not upon some other which may be developed by the proofs.

Judgment and order reversed and cause remanded for a new trial.