Story, J., delivering the opinion of the court, observed that "if the house were built principally for a dwelling-house for the family, independently of carrying on the trade, then it would doubtless be deemed a fixture falling within the general rule, and immovable."

We think it quite clear that if the consequence of taking a lease of the premises after said buildings had been erected thereon, was to place the lessor and the lessee in the same positions that they would have respectively occupied in the absence of any former lease, the finding of the court that said buildings were, on the 9th day of March, 1876, the personal property of the plaintiff, is not sustained by the evidence, and the judgment and order appealed from must be reversed.

Judgment and order reversed, and cause remanded for new trial.

MORRISON, C. J., McKINSTRY, J., ROSS, J., THORNTON, J., and McKEE, J., concurred.

Petition for a rehearing denied.

---

[Department One. — January 31, 1883.]
## CENTRAL PACIFIC RAILROAD COMPANY, RESPONDENT, *v.* A. MEAD, APPELLANT.

EJECTMENT — STATUTE OF LIMITATIONS — OFFER TO PURCHASE. — The action was ejectment. The plaintiff claimed under a patent from the United States. The defendant relied on the Statute of Limitations. Evidence was given at the trial tending to show that the defendant had offered to purchase the land of the plaintiff within five years before the commencement of the action. In submitting the case to the jury the court directed them to disregard this evidence. A verdict was rendered in favor of the defendant. The plaintiff moved for a new trial, which was granted. *Held,* that the offer to purchase, if made, was a recognition of the title of the plaintiff, and an answer to the claim of adverse possession on the part of the defendant, and that a new trial was, therefore, properly granted.

APPEAL from an order of the Superior Court of the county of Colusa granting a new trial.

*Dyas & Bridgford,* for Appellant.

*H. M. Albery* and *W. F. Goad*, for Respondent.

Ross, J.— The true and only paper title to the land in dispute is, and since March 17, 1875, has been in the plaintiff, as evidenced by a United States patent of that date. The plea of the defendant was the Statute of Limitations, and he relied upon adverse possession of the property for five years immediately preceding the commencement of the action as constituting a bar to the plaintiff's action to recover it.

There was evidence given on the trial tending to show an offer on the part of defendant to purchase the property from the plaintiff within the period of five years next preceding the commencement of the action. Such an offer, if made, was a clear recognition of plaintiff's title, and a perfect answer to the defendant's claim of adverse possession. (*Lovell* v. *Frost*, 44 Cal. 474; Tyler on Ejectment, 921.) An offer to purchase the *property* from the party having the legal title to it does not come within the doctrine of the case of *Cannon* v. *Stockman*, 36 Cal. 535, and of kindred cases.

Order affirmed.

McKINSTRY, J., and McKEE, J., concurred.

Hearing in bank denied.

---

[Department One.— February 1, 1883.]

# H. J. LAUGHLIN, APPELLANT, *v.* RICHARD WRIGHT ET AL., RESPONDENTS.

FINDINGS—INSUFFICIENCY.—When findings are not waived, and the court fails to find upon one of the material issues made by the pleadings, the judgment cannot be sustained.

PROMISSORY NOTE—INTEREST.—The fact that the payee of a promissory note has in his hands sufficient money belonging to the maker to pay the interest thereon, the money not being used for that purpose, does not prevent the note from bearing simple interest according to its terms.

HOMESTEAD—PROPERTY USED AS A HOTEL.—The mere filing of a declaration of homestead is not enough to make the property a homestead within the meaning of the statute. The *use* of the property is an important element to be considered. Where the property is primarily and chiefly used as a hotel for the accommodation of the public, it would be doing violence to the statute to regard it as a homestead, although the owner may reside there with his family for the purpose of carrying on the business.

LXIII. CAL.—8

63   113
82   229
82   233
82   237
63   113
94   296
63b  113
a103 267
63   113
f129 236
63   113
140  650