[No. 19127.   Department Two. — October 6, 1893.]

## C. H. REED ET AL., RESPONDENTS, v. THOMAS NOR-TON, APPELLANT.

MECHANIC'S LIEN — FORECLOSURE — PLEADING — FINDINGS — SUPPORT OF JUDG-MENT — VALIDITY OF CONTRACT. — A complaint in an action to enforce a me-chanic's lien, which proceeds upon the theory that there was no valid written contract for the erection of the building, but that the plaintiffs dealt directly with the owner of the building and that he is liable for the whole of their claims, will not warrant a judgment based upon findings that there was such a contract and that the plaintiffs dealt directly with the contractor and not with the owner.

ID. — PLAINTIFFS' RECOVERY LIMITED TO ALLEGATIONS OF COMPLAINT. — A plaintiff must recover, if at all, upon the cause of action set out in the complaint, and not upon some other which may be developed by the proofs.

APPEAL from a judgment of the Superior Court of San Luis Obispo County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*William Shipsey,* and *Graves & Graves,* for Appellant.

*J. M. Wilcoxon,* for Respondents.

McFARLAND, J. — This is a consolidation of eight actions to foreclose liens under the mechanic's lien law against defendant, Thomas Norton, the owner of the building in question, and Thomas Helm, original contractor. Judgment went for all the plaintiffs except Knight, and Norton appeals from the judg-ment and from an order denying his motion for a new trial.

The case was here on a former appeal. (*Reed* v. *Norton,* 90

Cal. 590.) At that time the trial court had held that the written contract between Norton and Helm was void for want of proper recordation, etc., and had given judgment for plaintiffs for the full amount of their claims, which amount exceeded twenty-five per cent of the contract price. On that appeal this court held that errors had been committed with respect to two of the liens (those of Smith and Waite, and Knight); but it also held that the court below erred in finding that the written contract between Norton and Helm was void, and for these reasons the judgment was reversed. In the opinion it was said that Norton did not retain for thirty-five days twenty-five per cent of the contract price, and that "he is responsible to that extent, but no further, to those *who make good their claim to it.*" But there was no point raised or decided as to the sufficiency of the complaints as they then stood to sustain judgments upon the theory that there was *a valid written contract* between Norton and Helm.

As a fact the complaints—all except that of Schwartz, Beebee & Co.—expressly aver that there was no contract between Norton and Helm. The averments are that the last-named persons did sign a written contract by which Helm was to construct the building for five thousand five hundred dollars, but that neither the contract nor a memorandum thereof was recorded before the work was commenced, or at any time; and that Helm was merely the "agent" of Norton, and as such agent bought the materials for which the liens were filed. When the *remittitur* went down after the first appeal the complaints were not amended so as to aver a valid contract between defendants Norton and Helm; but for the purpose of further fortifying the original position that there was no such valid contract, each of the complaints was amended by adding thereto a clause averring that "said defendants mutually agreed to and did abrogate, cancel, and annul said contract"; that after work had been commenced Norton filed in the recorder's office "what purported to be a memorandum thereof, but which was not a memorandum of the same," and that they merely conspired together to pretend that the contract price was only five thousand five hundred dollars, whereas the reasonable value of the materials and labor was nine thousand dollars. At the trial

respondents first introduced, over the objection and exception of appellants, the written contract between Norton and Helm, and then immediately introduced the said Helm as a witness, who testified substantially that the contract was a mere sham; that Norton was to "run the job," and he (Helm) was "to work on it by the day"; that he "signed the contract in evidence merely as a guarantee that Norton would have a proper job done"; and that he (Helm) "never employed anybody to do anything on this building," "never hired a man nor discharged a man," and "did not buy any of the lumber that went into the building." But the court found that there was such a contract, and that a memorandum thereof was recorded; that Norton and Helm did *not* conspire to abrogate and annul, and did not abrogate and annul said contract; that "all of said plaintiffs and their several assignors, at all times while they and each of them were furnishing materials for and performing labor upon said building, treated said contract between said Norton and Helm as valid and subsisting"; that they made their contracts for materials and labor with said Helm individually, not as "agent"; that "at no time during the erection and construction of said building was defendant Helm otherwise connected therewith than *as contractor* as aforesaid"; and that the plaintiffs under said contract are entitled to liens "for the payment to each of a *pro rata* portion of the sum of one thousand three hundred and seventy-five dollars"—which last sum is twenty-five per cent of the said contract price of five thousand five hundred dollars.

We do not see how the judgment can be affirmed without violating well-settled principles. "A plaintiff must recover, if at all, upon the cause of action set out in the complaint, and not upon some other, which may be developed by the proofs." (*Mondran* v. *Goux*, 51 Cal. 151.) "The consequence of a variance between the averments in a pleading and the proof are the same under our system of practice as at common law, except that they may be, to a great extent, obviated by amendments to pleadings, which are allowed with great liberality." (*Stout* v. *Coffin*, 28 Cal. 65. See also *Johnson* v. *Moss*, 45 Cal. 515; *Goss* v. *Strelitz*, 54 Cal. 641.) In the complaints in the case at bar the respondents' causes of action are based upon averments

of facts which the findings show not to be true; and the judgment is based upon facts which are denied in the complaints. The *allegata* and *probata,* as shown by the findings, do not agree. In an action to enforce the lien of a mechanic or material man, the complaint must show, either that the building was constructed under a valid statutory contract, or that it was not; and a complaint upon the one theory will not warrant a judgment rendered upon the other. In their complaints respondents allege the facts and go upon the theory that there was no contract; that they dealt directly with the owner of the building, and that he is liable for the whole of their claims. The court finds and proceeds upon the theory that these averments of respondents are not true; that there was a valid contract; and that respondents dealt directly with Helm as contractor and not with Norton. The judgment must therefore be reversed. Upon the theory on which it was rendered the complaint does not state facts sufficient to constitute a cause of action.

The respondents, Schwartz, Beebee & Co., aver in their complaint that they sold the materials for which they claim their lien directly to the appellant Norton, and contracted with him personally. The court finds this averment to be true. It also finds all the other issues as to the liens of these respondents in their favor; and as there is a fair conflict of evidence as to these issues, the judgment so far as it relates to these respondents should stand.

The judgment and order denying a new trial are reversed and the cause remanded, except as to that part of the judgment which is in favor of respondents, L. Schwartz, W. L. Beebee, and A. Jones, and as to said last-named respondents, the judgment and order appealed from are affirmed.

DE HAVEN, J., and FITZGERALD, J., concurred.

Hearing in Bank denied.