Argued 1 December, decided 14 December, 1903.

## HAMILTON *v.* FLUORNOY.

[74 Pac. 483.]

ADVERSE POSSESSION—COLOR OF TITLE.

1. A sheriff's deed fully describing a tract of land, based on a sale in pursuance of a mortgage foreclosure, in which the land was also correctly described, constitutes a color of title.

44 OR.——7

EFFECT OF ADVERSE POSSESSION—STATUTE OF LIMITATIONS.

2. The effect of adversely holding land under color of title for more than ten years is to confer the fee-simple title upon such holder.

POSSESSION UNDER EXECUTORY CONTRACT—LIMITATIONS.

3. As between one holding land under an executory contract and the grantor, the statute of limitations as to adverse possession cannot run in favor of such holder, or his grantee or successor, until he becomes entitled to a deed.

NATURE OF REQUIRED POSSESSION WITHOUT COLOR OF TITLE.

4. In order to start the operation of the statute of limitations in favor of one claiming adverse possession without color of title, the possession must be actual as distinguished from constructive, and should be indicated by such acts of use as the land is adapted to—cultivation, for instance, or the construction of buildings for a particular purpose, or a substantial inclosure of the whole tract—and must be exclusive in character.

ADVERSE POSSESSION—USE COMMON TO SEVERAL.

5. Adverse possession cannot be predicated on a fencing of the land claimed with tracts belonging to other persons, and the use of the entire inclosure by all the owners indiscriminately as such an occupancy is neither actual nor exclusive.

From Jackson : HIERO K. HANNA, Judge.

Suit by S. Hamilton against Ulysses Fluornoy, in which plaintiff prevailed and defendant appealed. MODIFIED.

For appellant there was a brief and an oral argument by *Mr. John A. Buchanan.*

For respondent there was a brief over the names of *C. L. Hamilton, Frank G. Micelli,* and *J. C. Fullerton,* with an oral argument by *Mr. Micelli* and *Mr. Fullerton.*

MR. JUSTICE WOLVERTON delivered the opinion.

This is a suit to remove a cloud from title, instituted June 28, 1902. The plaintiff alleges that he is the owner of lots 5, 6, and 7, section 16, township 27 south, range 7 west of the Willamette Meridian, in Douglas County; that the defendant claims an adverse interest therein by virtue of a deed purporting to convey the same, executed and delivered by the State of Oregon to him October 14, 1901, but that such deed is inoperative to convey the title, or any interest therein. The defendant asserts ownership in fee and possession by virtue of the deed complained of, and thus are the issues made up. The plaintiff having prevailed in the circuit court, the defendant appeals.

The evidence shows that on the 8th day of November, 1866, T. F. Royal, county school superintendent of Douglas County, executed to Jones H. Fluornoy, for the consideration of $97.30, a deed to the fractional southeast quarter of the northeast quarter and the fractional east half of the southwest quarter of said section 16, containing 48.65 acres; that on January 3, 1879, Jones H. Fluornoy obtained a certificate of purchase from the State land board to the lots designated for the consideration of $82.34, of which he paid $27.44; that thereafter he paid $60.21 interest upon the balance of the purchase price, but, ultimately failing in his payments as required by the board, the certificate was canceled October 9, 1900, the land resold on the 22d to Ulysses Fluornoy, the defendant herein, and a deed executed to him by the State October 14, 1901, which constitutes the muniment under which he claims title; that on the 14th day of July, 1884, Jones H. Fluornoy gave plaintiff a mortgage upon divers tracts of land, among others the fractional east half of the southwest quarter and the fractional west half of the southeast quarter of section 16, which covers lot 7 completely, but includes no part of lots 5 and 6, as designated by the government surveys of the section, aggregating 1,200 acres, or more; that this mortgage was subsequently foreclosed, and a sheriff's deed executed for the premises described therein August 9, 1890, to plaintiff, who entered into possession at once, and has continued therein ever since. This comprises all the record title plaintiff has to these lots in dispute.

The plaintiff also claims title thereto through adverse possession for a continuous period of more than ten years. Upon this phase of the case the evidence shows that when plaintiff was considering the desirability of making the loan to Fluornoy to secure which the mortgage was given the latter pointed out the lots in dispute to plaintiff's agents,

thus indicating that they were to be comprised in the mortgage security; that the whole of lot 7, and perhaps a small fraction of 6, were then inclosed with other lands mortgaged and occupied by Fluornoy, and continued so to be until after plaintiff entered, but that lot 5 and the remaining portion of 6 were outside of such inclosure; that when plaintiff entered under his sheriff's deed all the land described therein, including lots 5, 6, and 7, was contained in another general inclosure formed by fencing, commencing at the base of a mountain range on or near the section line between sections 17 and 20, running thence east and south and north, following the general contour of his lands, to a point in the north half of section 9 not very definitely fixed, and thence in a northwesterly direction to the mountain range, which range completed the inclosure on the west. Within this inclosure were contained not only the lands of Hamilton and the lots in question, but also lands consisting particularly of lot 4, section 16, containing 33.81 acres, belonging to the defendant; lots 2 and 3 of section 16, containing 47.80 acres, belonging to A. McPherson and D. M. Franklin, one or both; the north half of the northwest quarter of section 16, belonging in part to Weeks and in part to Bloomer; and the southeast quarter of section 8, belonging to Wick; and that most, if not all, of these persons had stock which was allowed to run in the common pasture with that of Hamilton's lessees. It was further shown that according to general repute in the neighborhood Hamilton was the owner of the lots in question, and that no one else claimed them; but it is not shown that he made any other claim to them further than might be inferred through their use and occupation by his lessees in the manner indicated; that is, by having them inclosed in the common pasture and pasturing stock therein. There was much testimony directed to the character of the fencing constituting the larger inclosure—whether it was suf-

ficient to turn stock; or was constructed to a junction with the mountain range, or whether the range was so precipitous as to be considered a part of the inclosure. All this, however, is rendered immaterial by the more salient facts which determine the controversy.

1. As it respects lot 7, Hamilton was holding under color of title. The school superintendent's deed covered most of it by the description it contained, namely, the fractional east half of the southwest quarter of section 16, and the sheriff's deed purported to convey the whole of it by that and an additional description, to wit, the fractional west half of the southeast quarter of section 16. That this latter deed constitutes color of title, whatever may be said of the superintendent's deed, is very clear.

2. Hamilton's possession and claim of title have been with reference to it, and adverse to Jones H. Fluornoy, the defendant, and all other persons, for a period of more than ten years, the effect of which claim and holding has been to clothe him with the fee-simple title. But, if there were any doubt as to the sufficiency of these deeds, or either of them, to constitute color of title, so as to make his holding coterminous with the description contained in the instruments, his possession of this particular lot has been actual by the immediate inclosure maintained practically the whole time since he obtained the sheriff's deed.

3. As to lots 5 and 6 the conditions are very different. But little, if any, portion of these was contained in the immediate inclosure, and plaintiff is wholly without color of title thereto. He claims to have deraigned title from Jones H. Fluornoy, by whom he was led to believe that he was getting a mortgage upon the lots. The fact is, however, that the mortgage was not drafted so as to cover them, and it appears that Fluornoy at the time held them under an executory contract from the State. As between Fluornoy and the State, therefore, the statute of limitations could

not run until he was entitled to a deed, and with much greater reason it could not run in favor of plaintiff, holding under Fluornoy.

4. Beyond this, the plaintiff being without color of title, his possession, in order to set the statute in operation, must have been actual, as contradistinguished from constructive, possession, which should have been evidenced by some such acts of use as the land was adapted to—as the construction of buildings thereon, cultivation, improvements, and the like, or a substantial inclosure, indicating an occupancy coterminous therewith—and it must have been exclusive in character.

5. Tested by such requirements, the acts of plaintiff and his tenants holding under him cannot avail him to establish title. The inclosure relied upon was common to him and to others owning lands within its limits, and the use, which consisted wholly in pasturage of stock, was common as well to all, so that his possession was neither actual nor exclusive, and was therefore wanting in these essential elements to an adverse possession such as will ripen into a full title : *Anderson* v. *McCormick*, 18 Or. 301, 305 (22 Pac. 1062); *Ambrose* v. *Huntington*, 34 Or. 484 (56 Pac. 513); *Bartholomew* v. *Edwards*, 1 Houst. 17; *Walsh* v. *Hill*, 41 Cal. 571. We conclude, therefore, that plaintiff is the owner and entitled to the possession of lot 7, and as to it defendant's deed from the State constitutes a cloud thereon ; but as to lots 5 and 6 the defendant is the owner, and a decree will be here entered accordingly.      MODIFIED.