[Civ. Nos. 4009, 4010. First Appellate District, Division One.—December 7, 1921.]

## ALICE H. HIBBERD, Respondent, v. JAMES McCOSKER, Appellant.

[1] ADVERSE POSSESSION—NOTICE OF HOSTILE CLAIM.—The adverse character of the possession of real property necessary to bar the claim of one holding the record title must in every case be manifested in some way to the owner.

[2] ID.—INCLOSURE AS NOTICE.—While ordinarily an inclosure gives notice of a hostile claim of ownership, a different situation is presented where the holding is not of such an independent nature as would give the same degree of notice of a hostile claim.

[3] ID.—LEASED LAND—SMALLER PARCEL WITHIN LEASEHOLD—INSUFFICIENT INCLOSURE.—A tenant of a large tract of land cannot acquire a possessory title to a smaller parcel lying within the leased inclosure, where the smaller parcel is not separately inclosed, and there are no fences thereon except on one side, where natural barriers and a fence constitute a portion of an exterior boundary of the larger tract.

APPEAL from a judgment of the Superior Court of Contra Costa County. A. B. McKenzie, Judge. Affirmed.

The facts are stated in the opinion of the court.

Harry E. Leach for Appellant.

Fred L. Button for Respondent.

TYLER, P. J.—These actions, which were consolidated and tried together upon the same evidence, were brought to determine ownership and possession of a certain tract of land consisting of eighty acres. The first action was one to quiet title, plaintiff alleging ownership and possession in herself and a wrongful claim to the same by defendant. The second action was a suit for possession of the land, wherein title was claimed by plaintiff and alleged wrongful possession by defendant.

1. Hostility as essential element in adverse possession, note, 15 L. R. A. (N. S.) 1192.

3. Inclosure of land as essential in adverse possession of land, note, Ann. Cas. 1913A, 750.

At the trial plaintiff proved title by record based upon a United States patent. Defendant's claim of ownership and right to possession was based upon a possessory title. The trial court rendered judgment in favor of plaintiff, and defendant McCosker appeals.

The principal question involved is whether or not there was a substantial inclosure of the land by defendant as required by section 325 of the Code of Civil Procedure sufficient to support his claimed title by adverse possession.

There is no conflict in the evidence upon this subject, and no question is raised as to the payment of taxes or the duration of the adverse holding. The evidence in this respect shows that the land in dispute formed a portion of a thousand or more acre inclosure held by defendant from different owners under a lease. The eighty-acre parcel in controversy, independent of the fencing of the entire tract, was not separately inclosed, and there were no fences thereon except on the south side, where natural barriers and a fence constituted a portion of the southern exterior boundary of the entire tract. Under these conditions it is the claim of appellant that the trial court was in error in holding that the fence around the larger leased field did not constitute an inclosure of the disputed parcel within the meaning of the statute. The character of the inclosure, therefore, is the main question involved.

[1] The adverse character of the possession necessary to bar the claim of one holding the record title must in every case be manifested to the owner. He must be notified in some way that the possession is hostile to his claim, or the statute does not operate against his rights. (*Mattes* v. *Hall*, 28 Cal. App. 362 [152 Pac. 436].) The notice of the hostile claim may be actual or constructive, but without it a true owner's title may not be tolled away by the possession of the adverse claimant.

[2] Ordinarily an inclosure gives notice of a hostile claim of ownership, but a different situation is presented where the holding, as here, is not of such an independent nature as would give the same degree of notice of a hostile claim.

It has been held in this state, following the doctrine laid down in *Hall* v. *Gittings*, 2 Har. & J. (Md.) 380, where possession was taken under a claim of title founded upon

a written instrument, that where the inclosure relied upon was not separately entirely fenced, but was contained in an inclosure with other lands held under claim of title, there could be no good reason for requiring the claimant to subdivide the land claimed and make subinclosures therein, as no such duty is evidenced by the statute. (*Botsford* v. *Eyraud,* 148 Cal. 431, 434 [83 Pac. 1008]. See, also, *Urquide* v. *Flanagan,* 7 Idaho, 163 [61 Pac. 514]; *Sanders* v. *Riedinger,* 30 App. Div. 277 [51 N. Y. Supp. 937]; *Church* v. *Waggoner,* 78 Tex. 200 [14 S. W. 581]; 2 Corpus. Juris, p. 64.)

In the Botsford case, however, the inclosure was much more extensive than the one here involved and included other lands of the occupant held under claim of title. It is conceded that if appellant held possession of the larger tract as owner or under claim of title and not as lessee the rule there announced might apply, but it is insisted that the nature of appellant's holding did not in any' manner indicate that defendant's possession was of such a character as to give notice to the world of his adverse claim thereto as evidenced by an inclosure sufficient to satisfy the statute.

Counsel have cited us to no case, and we have found none, where a tenant of a larger tract has been permitted to thus acquire a possessory title to a smaller parcel lying within his leased inclosure. Cases may be found in harmony with *Botsford* v. *Eyraud, supra,* holding that where the claimant is the owner of the inclosed lands he may maintain possessory rights to other lands within his inclosure, but some of these cases strongly indicate that his holding must be exclusive.

In *Hamilton* v. *Fluornoy,* 44 Or. 97 [74 Pac. 483], the inclosure relied upon was common to the claimant and others owning lands within its limits, and the use of the land, which consisted wholly in pasture of stock, was common as well to all; and it was held that claimant's possession being neither actual or exclusive, it was therefore wanting in those essential elements of an adverse possession as would ripen into a full title.

So, also, in *Walsh* v. *Hill,* 41 Cal. 571, 582, where the general inclosure included not only the land in controversy but other land not claimed exclusively by plaintiff, it was

said, "it would be the extreme of assumption to maintain that this suffices to subject the premises in controversy to the will and domination of the then claimants of a portion thereof to the exclusion of others, or to constitute an actual, exclusive possession of any claimant of a specific parcel within the general inclosure."

As indicating what is meant by an inclosure within the meaning of the statute the case of *Doolittle* v. *Tice*, 41 Barb. (N. Y.) 181, is illuminating. In referring to the subject it is said: "The provision of the code referred to was intended to provide that a party claiming to hold adversely, where his claim was not founded upon a written instrument or a judgment or decree, should protect his claim by the erection of a substantial inclosure. I think the language employed means that he shall provide the inclosure around the land without relying upon a distant and remote fence of a neighbor inclosing that neighbor's land also. And although he may avail himself of a fence upon the line, yet it was not designed that a fence located far away from the premises and including other lands should be used as a means of protection to a claim of this character. It was also intended that the inclosure should provide fixed, certain and definite boundaries of the claim made, by which it might be designated, marked and known. It must also inclose the lot alone upon the lines claimed by the party, and not embrace premises adjoining, and ending in part a great distance from the lines."

[3] In keeping with this view we do not think that the possession of appellant as lessee of the larger tract was of such a character as to operate as notice to the true owner that he held possession of the smaller parcel under claim of right. Acts of one in possession should indicate clearly that he holds, not for the true owner, but for himself and in opposition to such owner. An owner has the right to be informed of the claim set up against him, either by acts or words, before the statute will run; and if the acts of the party in possession are of such a character as reasonably to indicate to the owner that the holding is not adverse, but in subordination to his title, the statute will not run. (*De Frieze* v. *Quint*, 94 Cal. 653 [28 Am. St. Rep. 151, 30 Pac. 1]; *Mauldin* v. *Cox*, 67 Cal. 387 [7 Pac. 804].)

Here the holding under a lease by claimant of the larger tract upon which was maintained the fence relied upon to support appellant's claim might well have lulled plaintiff into the belief that appellant's possession as a mere lessee of the larger tract was the extent of his holding, and we do not consider that the holding here involved was sufficiently open and notorious to notify a prudent owner of its existence and of its hostile character so as to put him upon inquiry as to the title of the occupant.

While in a strict sense the land here involved might be said to be "inclosed," we do not think that it is such an inclosure as is contemplated by the statute, and that it does not meet the requirement of the statute, which contemplates an open, hostile possession.

We conclude, therefore, that the inclosure of the *locus in quo* was insufficient to put plaintiff upon inquiry as to the nature of appellant's alleged holding (*Payne* v. *Gould,* 74 Vt. 208 [52 Atl. 421]).

Little stress is laid by counsel for the appellant upon the question of improvement and cultivation as affecting the necessity for inclosure, it being conceded by him that the real question involved and the one relied upon for reversal is the one here discussed, and the case was tried upon that theory.

The findings fully support the judgment.

For the reasons given the judgment in each appeal is affirmed.

Kerrigan, J., and Knight, J., *pro tem.,* concurred.