2004 SD 137

**Gary W. and Patricia A. GRAVES, Plaintiffs and Appellants,**

**v.**

**Thomas R. and Carla Sue DENNIS, Defendants and Appellees.**

No. 23205.

Supreme Court of South Dakota.

Considered on Briefs on Nov. 15, 2004.

Decided Dec. 29, 2004.

John K. Nooney of Thomas, Nooney, Braun, Solay & Bernard, Rapid City, South Dakota, Attorneys for plaintiffs and appellants.

Raymond R. DeGeest, Rapid City, South Dakota, Attorney for defendants and appellees.

KONENKAMP, Justice.

[¶ 1.] Gary W. and Patricia A. Graves, plaintiffs, brought a declaratory judgment action against defendants, Thomas R. and Carla Sue Dennis. Plaintiffs sought an order determining their rights on a road easement granted in 1981. Specifically, they wanted defendants to remove obstructions on the road. After the action began, plaintiffs learned that a separate 1978 easement existed. They amended their complaint to seek a ruling on both easements. After a bench trial, the circuit court ruled that defendants had obstructed plaintiffs' use and enjoyment of the 1981 easement. Defendants were required to repair the road. However, the court found that the 1978 easement was abandoned. On appeal, we affirm both rulings because the creation and exclusive use of the 1981 easement coupled with the nonuse of the 1978 easement constituted an effective abandonment of the earlier easement.

## Background

[¶ 2.] In November 1982, plaintiffs purchased a piece of real property near Rapid City, South Dakota. The property, referred to as Lot 1, is described in two parcels, north and south, because at one point each parcel had a different owner. The legal description of plaintiffs' property is

The *North* 165' of the West 264' and the *South* 165' of the West 264' of *Lot 1* in the Southeast Quarter of the Northeast Quarter (SE¼NE¼) of Section 21, Township 1 North, Range 7 East of the Black Hills Meridian, Pennington County, South Dakota.

The added emphasis is inserted to illustrate the two-parcel description. In February 2002, defendants acquired Lot 11, an abutting piece of land. The legal description is

Lot 11 in Block 1 of Vista Hills Number 2, Pennington County, South Dakota.

[¶ 3.] Plaintiffs' predecessors in interest were William R. and Nelva C. Blenner. Before plaintiffs purchased the property, the Blenners made two easement agreements: the first was in 1978; the second in 1981. The 1978 easement was made when the Blenners owned both Lot 11 and the south portion of Lot 1. The easement granted ingress and egress across Lot 11 to Elson J. and Anna L. Leavitt and Rita S. Larson, the owners of the north portion of Lot 1. The easement ran from the north parcel of Lot 1 through Lot 11 to provide access to the main road, Pine Tree Drive. There is no evidence that this easement was ever used.

[¶ 4.] Subsequently, the Blenners sold Lot 11 to Thomas C. Vaughn. At that point, the Blenners owned only the south

portion of Lot 1. However, following the sale of Lot 11 to Vaughn, the Blenners became the outright owners of both the north and south portions of Lot 1. The Blenners then obtained an easement from Vaughn, running from the south portion of Lot 1 across Vaughn's Lot 11. In sum, although the Blenners had created an easement running from the north portion of Lot 1 through Lot 11 with Leavitt and Larson in 1978, an easement which was apparently never used, the Blenners subsequently entered into the 1981 easement with Vaughn, and used the 1981 easement exclusively for access to Pine Tree Drive.

[¶ 5.] In 1982, the Blenners sold all their interest in Lot 1 to plaintiffs. Like the Blenners, plaintiffs used the 1981 easement. They never used the 1978 easement. They were unaware of its existence, although it was of record with the Pennington County Register of Deeds. While plaintiffs and Vaughn were neighbors, Vaughn built a two-stall garage on his property. The garage was located directly on the 1978 easement. Before constructing the garage, Vaughn conferred with plaintiffs and inquired whether there were any problems with the garage's location. Plaintiffs did not object to the placement of the garage at the time nor did they express any problems with Vaughn after he built it.

[¶ 6.] In February 2002, Vaughn sold Lot 11 to defendants. Beginning in the spring of 2003, plaintiffs and defendants had several disputes over the 1981 road easement. Most, if not all, of the disputes concerned the manner in which the road was used. Defendants called the police many times to complain about the rate of speed that plaintiffs, their family members, and their guests drove on the access road. On one occasion, defendants sought law enforcement help to disperse a crowd outside their residence when a visitor's vehicle became incapacitated on the easement road. To slow down traffic, defendants created two speed dips on the road. These obstructions impaired plaintiffs' access to their property.

[¶ 7.] Plaintiffs sued for damages and a declaratory judgment on their rights to the 1981 easement. After the action began, plaintiffs learned that the earlier 1978 easement existed. They amended their complaint to include the 1978 easement, seeking a ruling on both easements. The court found that the speed dips defendants had constructed on the road hindered or restricted plaintiffs' use of the 1981 easement and ordered them removed. The court also found that a portion of a retaining wall located within the thirty-foot easement had to be relocated.

[¶ 8.] As for the 1978 easement, the court ruled that it had been effectively abandoned when the 1981 easement was created. Defendants do not appeal any of the court's rulings, but plaintiffs complain that they are entitled to maintain both the 1978 and 1981 easements.

**Standard of Review**

[¶ 9.] "We review a trial court's findings of fact under the clearly erroneous standard." *Block v. Drake*, 2004 SD 72, ¶ 8, 681 N.W.2d 460, 463 (citation omitted). "Clear error is shown only when, after a review of all the evidence, 'we are left with a definite and firm conviction that a mistake has been made.'" *New Era Mining Co. v. Dakota Placers, Inc.*, 1999 SD 153, ¶ 7, 603 N.W.2d 202, 204 (citing *Rabenberg v. Rigney*, 1999 SD 71, ¶ 4, 597 N.W.2d 424, 425 (quoting *Cleveland v. Tinaglia*, 1998 SD 91, ¶ 16, 582 N.W.2d 720, 724)). In declaratory judgment actions, "this Court 'has an obligation to reach its legal conclusions independent from the conclusions reached by the trial court.'" *City of Rapid City v. Anderson*, 2000 SD

77, ¶ 6, 612 N.W.2d 289, 291 (citations omitted).

### Analysis and Decision

■ [¶ 10.] Plaintiffs believe the trial court erred when it found that the 1978 easement had been abandoned, thereby extinguishing it. Since Vaughn and the Blenners did not discuss the 1978 easement when they agreed to the 1981 easement, and since plaintiffs were unaware of the 1978 easement, plaintiffs contend there is no evidence of intent to abandon the 1978 easement. South Dakota has a statute specifically dealing with extinguishment of servitudes. SDCL 43–13–12 provides: "A servitude is extinguished by the performance of any act upon either tenement, by the owner of the servitude, or with his assent, which is incompatible with its nature or exercise."

■ [¶ 11.] Under this statute, "there must be an affirmative act of abandonment on the part of the owner of the easement to extinguish the easement. Mere nonuse of an easement, created by grant, is insufficient to satisfy this requirement." *Hofmeister v. Sparks*, 2003 SD 35, ¶ 13, 660 N.W.2d 637, 641 (citing *Clark v. Redlich*, 147 Cal.App.2d 500, 305 P.2d 239, 244 (1957)). However, a substituted access may serve as evidence of abandonment, but that by itself is not dispositive. *Id.* Use of a substitute road may be evidence of an abandonment of the old road; however, "[t]he mere use of a new right-of-way will not extinguish the old. There must also be an abandonment by non-use of the old right-of-way." *Id.* (quoting *Shippy v. Hollopeter*, 304 N.W.2d 118, 122 (S.D.1981)). Those claiming abandonment carry the burden of showing by clear and convincing evidence an intent to abandon the easement. *Cleveland*, 1998 SD 91, ¶ 26, 582 N.W.2d at 725; *see Mueller v.*

*Bohannon*, 256 Neb. 286, 589 N.W.2d 852, 859 (1999).

[¶ 12.] There is no evidence that the 1978 easement has ever been used since it was created two and a half decades ago. The only roadway shown in the photographs admitted in evidence is the one reflecting the 1981 easement. According to the Restatement, "[a] servitude benefit is extinguished by abandonment when the beneficiary relinquishes the rights created by a servitude." RESTATEMENT (THIRD) OF PROPERTY § 7.4 (2000). "A finding of abandonment is usually based on circumstantial evidence rather than on direct expressions of intent. . . ." *Id.* § 7.4 cmt. a.

> Failure to take advantage of a servitude benefit, even for a lengthy period, is seldom sufficient to persuade a court that abandonment has occurred. Some additional action on the part of the beneficiary inconsistent with continued existence of the servitude is normally required, although the amount of additional evidence required tends to diminish as the period of nonuse grows longer. In cases where a very long period of time has passed, abandonment may be found even without other evidence of intent.

*Id.* § 7.4 cmt. c.

[¶ 13.] We conclude that the elements necessary for abandonment of the 1978 easement are present here: exclusive use of the new right of way and nonuse of the old right of way. After the Blenners gained ownership of both the north and south parcels of Lot 1, they obtained a new easement in 1981. They never used the old easement nor, apparently, did the previous owners. Thus, the Blenners had two easements, both to Lot 1 and both allowing access from the same main road at the same point. After plaintiffs purchased Lot 1 from the Blenners, they never used the

1978 easement. Furthermore, plaintiffs and Vaughn had discussed the construction of a two-stall garage on Lot 11. Although neither Vaughn nor plaintiffs were aware of the 1978 easement, the placement of the garage was directly on that easement.

[¶ 14.] In sum, the 1978 easement had never been used, and, in fact, no road had ever been created for that easement. Although separate easements might have been necessary when the north and south portions of Lot 1 had different owners, for more than twenty-five years both portions have had the same owner. Both easements provide access to Lot 1, and both converge before intersecting with Pine Tree Drive. We conclude that the trial court did not err in finding that the 1978 easement was abandoned and extinguished.

[¶ 15.] Affirmed.

[¶ 16.] GILBERTSON, Chief Justice, and SABERS, ZINTER, and MEIERHENRY, Justices, concur.