KONENKAMP, Justice
(concurring in part and dissenting in part).
[¶ 17.] Circuit courts have discretion to enter defaults against parties who “failed to plead or otherwise defend,” but no court has discretion to award a default judgment for statutory penalties and punitive damages absent adequate evidentiary support. See SDCL 15-6-55(a). In upholding the denial of the motion to set aside the default, this Court never reaches the primary question: did the circuit court fail to require sufficient proof of statutory penalties and punitive damages? As the circuit judge himself said in 2003, “a $24,000 default judgment is an inappropriate windfall here given the circumstances[.]” Despite the fact that this issue was preserved and briefed on appeal, this Court simply ignores it. Therefore, as to the Court’s decision finding no abuse of discretion in denying Barker & Little’s motion to set aside the default, I concur, but I dissent on the award of punitive damages and statutory penalties.
[¶ 18.] This Court appears to be acting on the misconception that when a default judgment is not set aside, the damage award must remain untouched, regardless of whether any proof exists to establish the amount. On the contrary, even when a default judgment is upheld on appeal, this Court still has the obligation to either modify an unwarranted damage award or remand for further consideration when the award lacks sufficient evidence to support it. Gifford v. Bowling, 86 S.D. 615, 627-28, 200 N.W.2d 379, 385-386 (1972). There must be evidentiary support for a damage award in a default judgment. Stephenson v. El-Batrawi, 524 F.3d 907, 915 (8th Cir.2008). It may not be necessary for a trial court to hold a formal hearing on damages, but adequate proof must be offered in *662 some form. See generally 10A Wright, Miller & Kane, Federal Practice and Procedure § 2688 (3d ed. 1998) (updated 2008). Certainly, our statute grants discretion on whether to hold a hearing. SDCL 15-6-55(b)(l) (“court may conduct such hearings ... as it deems necessary and proper”); see Meier v. McCord, 2001 SD 103, ¶ 27, 632 N.W.2d 477, 484. A majority of courts have likewise found that the decision to conduct a hearing is generally within the sound discretion of the trial court. Action S.A. v. Marc Rick & Co., Inc., 951 F.2d 504, 508 (2d Cir.1991); James v. Frame, 6 F.3d 307, 310 (5th Cir.1993); Beck v. Atlantic Contracting Co., Inc., 157 F.R.D. 61, 65 (D.Kan.1994). When there are detailed affidavits, sufficient evidentiary support, and liquidated damages, a hearing is generally unnecessary. Oy Saimaa Lines Logistics Ltd. v. Mozaica-New York, Inc., 193 F.R.D. 87, 89 (D.C.N.Y.2000).
[¶ 19.] On the other hand, a hearing is generally advisable when the damages are unliquidated and not easily capable of mathematical computation. See James, 6 F.3d at 310; Hunt v. Inter-Globe Energy, Inc., 770 F.2d 145, 148 (10th Cir.1985). Punitive damages ordinarily require an ev-identiary hearing. Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1152 (3d Cir.1990); Hilgeman v. American Mortg. Securities, Inc., 196 Ariz. 215, 994 P.2d 1030, 1036-37 (2000).
[¶ 20.] In this case, the circuit court’s 2008 order upholding the 2003 default judgment awarded plaintiff damages of $24,230.90, itemized as follows:
1. $990 in statutory damages under SDCL 43-32-6, for excluding plaintiff from the rental unit on September 13, 2002;
2. Plaintiffs security deposit of $495 under SDCL 43-32-6 for the September 12, 2002 lockout;
3. Plaintiffs advance rent paid as of September 13, 2002, totaling $247, under SDCL 43-32-6;
4. $990 in statutory damages under SDCL 43-32-6, for removing plaintiffs personal property from the rental unit on September 18, 2002;
5. Damages totaling $1,641 for plaintiffs and her son’s personal property removed, appropriated, disposed of and/or destroyed by defendant;
6. Three times the sum of $1,641 to compensate plaintiff for the detriment caused to her by being forcibly ejected and excluded from the full possession of the rental unit through defendant’s willful and wanton actions, under SDCL 21-3-6 and 43-32-6, totaling $4,842;
7. $5,000 in punitive damages for defendant’s invasion of plaintiffs privacy by entering the rental unit without plaintiffs permission and removing all of her and her son’s personal property and appropriating, disposing of and/or destroying this personal property;
8. $10,000 in punitive damages for defendant’s intentional infliction of emotional distress by willful and malicious actions, as stated in plaintiffs pleadings; and
9. Plaintiffs costs, totaling $25.90, as evidenced by the Affidavit of Costs and Fees.
[¶ 21.] On appeal, Barker & Little asserts that the court erred when it (1) awarded plaintiff punitive damages; (2) awarded both statutory and punitive damages; (3) awarded plaintiff compensatory damages based on both SDCL 43-32-6 and SDCL 21-3-6. These same arguments were made in Barker & Little’s renewed motion to set aside the default judgment. The circuit court did not address the evidentiary basis for the damages awarded in the default judgment. *663 Rather, it simply awarded plaintiff all her claimed damages.
[¶ 22.] Our standard for reviewing damage awards differs from the one we use to review refusals to set aside default judgments: a damage award is reviewed for clear error. See Stephenson, 524 F.3d at 916 (citation omitted); Am. Red Cross, 257 F.3d at 864; Everyday Learning Corp., 242 F.3d at 818; Morris v. Wilson, 600 So.2d 306, 308 (Ala.Civ.App.1992). Clear error exists when, after a review of all the evidence, “we are left with a definite and firm conviction that a mistake has been made.” Graves v. Dennis, 2004 SD 137, ¶ 9, 691 N.W.2d 315, 317 (citations omitted).
[¶ 23.] In support of her request for a default judgment, plaintiff submitted an affidavit. She alleged that she paid her portion of the September 2002 rent, but spent the majority of the month at her mother’s home. When she returned to her apartment on September 13, she could not enter because Barker & Little placed a lockout box on her front door. Then, on September 18, she returned to her apartment to find that Barker & Little had removed all her personal items without permission.
[¶ 24.] Under SDCL 43-32-6,
If the lessor of residential property unlawfully removes or excludes the tenant from the premises ... the tenant may sue for injunctive relief, recover possession by suit, or terminate the rental agreement and, in any case, recover from the lessor damages in an amount equal to two months rent and the return of any advance rent and deposit paid to the lessor by the lessee.
(Emphasis added.) The facts alleged in plaintiffs complaint and affidavit are accepted as true, and thus establish that on two occasions Barker & Little unlawfully excluded plaintiff from her rental unit. The monthly rent due on plaintiffs apartment was $495; she paid $247 in advance rent; and a $495 deposit. Under SDCL 43-32-6, plaintiff is entitled to “two months rent and the return of any advance rent and deposit paid.... ” The circuit court awarded plaintiff two months rent for each lockout, as well as her deposit and advance rent paid, for a total award of $2,722 in statutory damages under SDCL 43-32-6. There being evidentiary support in the record for the award, there is no clear error and these damages should be affirmed.
[¶ 25.] Plaintiff also alleged that Barker & Little unlawfully appropriated, removed, and disposed of her personal property for total damages of $1,641. Plaintiff submitted an itemized list of the property, as well as the value of each item. From a review of the affidavit, there is no clear error and the award of $1,641 in compensatory damages should be affirmed.
[¶ 26.] The court also awarded plaintiff $4,842 ($1,641 x 3) as treble damages under SDCL 21-3-6 to compensate her “for the detriment caused to her by being forcibly ejected and excluded from the full possession of the rental unit by [Barker & Little’s] unlawful actions[.]” No facts in the record support that plaintiff was forcibly excluded or ejected from her apartment. See Woodring v. Winner Nat’l. Bank of Winner, 56 S.D. 43, 227 N.W. 438 (1929). In fact, although Barker & Little placed the lockout box on plaintiffs front door, Barker & Little never forced plaintiff out of the apartment, or threatened the use of force to exclude her. With no record support for treble damages under SDCL 21-3-6, the award was unwarranted, and granting the damages was clearly erroneous. Thus, the judgment should be modified to exclude the award of these damages.
*664 [¶ 27.] Finally, the court awarded plaintiff $15,000 in punitive damages: $5,000 for Barker & Little’s invasion of plaintiffs privacy, and $10,000 for its intentional infliction of emotional distress by its willful and malicious conduct. In support of her claim for punitive damages, plaintiff alleged by affidavit that before Barker & Little’s unlawful actions she was in the process of overcoming her economic problems. Barker & Little’s actions, plaintiff averred, caused the Pennington County Housing & Redevelopment Authority to close her case and decline future assistance for her. Before she was locked out of her apartment, plaintiff was fully employed, obtaining only $10 a month in food stamps, was no longer receiving significant state assistance, and was paying almost $200 toward her $495 monthly rental obligation. After Barker & Little’s actions, however, plaintiff stated that much of her personal property was destroyed by Barker & Little, she could not obtain suitable housing for herself and her son, she had to quit her job, sell her remaining personal items, and move to Nevada to live with her son’s father. She also attested that after Barker & Little’s actions she obtained counseling for mental distress through Working Against Violence, Inc. She claimed that “Barker & Little’s intentional action, namely repeated lockouts, and the removal and destruction of [her] and [her] son’s personal property ... caused [her] ongoing emotional distress and suffering.”
[¶ 28.] Punitive damages are warranted if there is clear and convincing evidence that a defendant has engaged in “willful, wanton or malicious conduct” against the plaintiff. See SDCL 21-1^4.1. Here, plaintiff alleged that Barker & Little’s actions against her were willful and malicious. Plaintiff paid her share of September’s rent; Barker & Little intentionally and unlawfully excluded her from her rental unit; Barker & Little removed and destroyed much of her personal property; Barker & Little’s actions caused her to lose housing assistance, which assistance was necessary for her to care for herself and her son; and these actions caused her emotional distress. Also, according to plaintiffs affidavit, Barker & Little humiliated her in the manner in which she was treated after the lockouts.
[¶ 29.] Judging from plaintiffs affidavit and complaint, the court did not err in awarding plaintiff punitive damages. An award of punitive damages, however, must not be oppressive and must be supported by the evidence in the record. Hulstein v. Meilman Food Industries, 293 N.W.2d 889, 892 (S.D.1980) (award should not shock the conscience of a fair-minded person); Comdyne I, Inc., 908 F.2d at 1149, 1152 (punitive damages imposed by default judgment generally require an evidentiary hearing); Hilgeman, 994 P.2d at 1036-37 (same). Five factors are relevant in the consideration of a punitive damage award: “(1) the amount allowed in compensatory damages, (2) the nature and enormity of the wrong, (3) the intent of the wrongdoer, (4) the wrongdoer’s financial condition, and (5) all of the circumstances attendant to the wrongdoer’s actions.” Flockhart v. Wyant, 467 N.W.2d 473, 479 (S.D.1991); see also Grynberg v. Citation Oil & Gas Corp., 1997 SD 121, ¶ 37, 573 N.W.2d 493, 504. While there is evidentiary support for the court’s decision to award punitive damages, the inadequate record substantially hinders a review of whether the award is oppressive and so large as to shock the conscience of a reasonable person.
[¶ 30.] The default judgment should be modified to exclude the award of statutory damages under SDCL 21-3-6, and the punitive damage claim should be remanded *665 for evaluation using the above considerations.